## SAMUEL MILLER *v.* J. A. JONES.

[Abstract Kentucky Law Reporter, Vol. 7—224, 229.]

**Sufficiency of Petition for Slander.**

To be sufficient a petition for slander must set out the words spoken. It it not sufficient to allege, without setting out the words spoken, that they were to the effect following or purporting, or that the words were of certain tenor, import and effect.

**Words Not Slanderous Per Se.**

Where words alleged are not slanderous per se it is always necessary to make the petition sufficient to allege some pecuniary damage.

APPEAL FROM BUTLER CIRCUIT COURT.

September 24, 1885.

OPINION BY JUDGE HOLT:

In this action for slander the first paragraph of the petition in substance alleges that the appellee with malice and in order to defeat the appellant in a suit and injure him caused reports to be circulated to the effect that the latter's reputation was bad and that he was not entitled to credit on oath; that he could so show; that he put in circulation reports derogatory of appellant's reputation for truth and good conduct; got appellant's enemies to talk among the neighbors about difficulties and law suits with him and then got his enemies and those who had heard them talk to impeach the appellant in said suit; that thereby his character was injured; the

confidence, society and friendship of his neighbors withdrawn from him; the mind of the court so prejudiced against him that the judge discredited his testimony and rendered a judgment against him for too much by two thousand dollars.

The second paragraph states that to sue the appellant for a steer which in fact belonged to the latter; that the appellee set up a false claim to it; told divers persons that the appellant had branded it after he had gotten possession of it; that it was not appellant's steer and appellant so knew, thereby making him odious; injuring his credit and reputation with his acquaintances and preventing him from having a fair chance in the suit first above named, all of which was malicious on the part of appellee and known by him to be false.

In the first paragraph the appellant seeks to recover special damages for words not actionable per se.

It is not alleged that the appellee ever said anything, save that "he could show that plaintiff was not entitled to credit on oath;" and it is not stated that this was said in the presence of others or published.

The statement that the appellee had caused various reports to be circulated "to the effect" that the appellant's reputation was bad, and that he was not entitled to credit on oath is too general to support the action. Townsend on Slander and Libel (Sec. 329) says that the plaintiff must set out the words published, and that it is not sufficient to say that they were "to the effect" following, or purporting, or that the words were in substance as follows, or according to the purport and effect following, or in manner and form following, or that the words were of certain tenor, import and effect."

The same rule is laid down in the case of *Taylor v. Moran,* 4 Metc. (Ky.) 127. The words not being slanderous per se it was necessary to allege a pecuniary damage. It is true, that it is stated that a judgment for far too great a sum was rendered against the appellant, but the judgment was conclusive as to his indebtedness, and the statement of such a pecuniary damage will not suffice, because in this common-law action no inquiry can be had as to what may have influenced the chancellor.

The alleged slanderous words set forth in the second paragraph were not actionable per se. They did not charge an indictable offense. Sec. 12, art. 17, chap. 29, General Statutes, provides a pun-

ishment for altering or defacing the brands upon cattle; but there is no statute or law subjecting one to an indictment for marking unbranded cattle without a felonious intent, and the words alleged to have been spoken did not import such an intent or that the owner was known to the appellant or could have been ascertained. The words not being actionable per se it was necessary to allege some pecuniary damage. *Beach v. Ranney,* 2 Hill (N. Y.) 309. Townsend on Slander and Libel, Sec. 198. This the pleader failed to do.

For the reasons indicated the demurrer was properly sustained to each paragraph. It is suggested that an action is always maintainable for a malicious prosecution. It is sufficient to say in response to this, that the second paragraph does not allege that the suit therein named has ever terminated.

Judgment *affirmed.*

*B. L. D. Guffey, for appellant.*

*E. W. Hines, for appellee.*